UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT DICKINSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | 3:05-cv-1093 (WWE) |
| : | |
| : | |
| JOHN MESHAM, MATTHEW : | |
| RAYMOND, WAYNE BUCK, : | |
| BRYAN MARTINI and SCOTT : | |
| MARTIN, : | |
| : | |
| Defendants. : | |

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

This action arises from a civil rights claim brought by plaintiff Robert Dickinson against defendants State Police Captain Scott Martin and Troopers John Mesham, Matthew Raymond, Wayne Buck and Bryan Martini, in which plaintiff alleges that defendants violated his rights pursuant to 42 U.S.C. § 1983.  He claims that defendants used excessive force in violation of the Fourth Amendment to the United States Constitution in the course of his arrest following a domestic violence incident at his home in Haddam, Connecticut on June 9, 2004.  Pending before the Court is plaintiff's motion to compel answers to interrogatories and production of allegedly discoverable information and corresponding documentation [Doc. #16]. Defendants argue that plaintiff's interrogatories and requests for production concern irrelevant and inadmissible information and therefore the motion should be denied.  The Court will grant plaintiff's motion in part and deny it in part.

1

**BACKGROUND**

Plaintiff has alleged that he was the victim of unreasonable force on the part of defendant police officers during the course of his arrest. He requests that defendants answer interrogatories and produce documentation relating to defendants' history of all complaints brought against them and internal investigations conducted relating to those complaints. Defendants argue that the requested information is irrelevant to the issues raised in this case.

Plaintiff claims that defendants' objection runs counter to Fed. R. Civ. P 26(b)(1) in that the information sought is "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed. R. Civ. P 26(b)(1).

Defendants assert that plaintiff's requests surpass even a broad reading of Rule 26(b)(1). They assert that plaintiff's requests do not pertain to the underlying issue of defendants' alleged use of excessive force during the course of his arrest on June 9, 2004 and are irrelevant to his claim.

**DISCUSSION**

At the discovery stage of the proceedings, as opposed to the time at which admissibility is determined, the definition of relevance is broad. It is defined as "information that is reasonably calculated to lead to the discovery of admissible evidence. . . . " In re PE Corporation Securities Litigation, 221 F.R.D. 20, 23 (D.Conn. 2003).

However, this broad scope of relevance is not unlimited. "[D]iscovery requests that are based on pure speculation and conjecture are not permissible." Id. Court

discretion may limit the breadth of discovery.  See Crawford-El v. Britton, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly. . . .").

Here, plaintiff seeks discovery of information regarding defendants' general history of any and all civilian complaints and internal disciplinary proceedings brought against them.  This general history is not relevant to the present issue.  The only claim before the Court is plaintiff's allegation of the violation of his Fourth Amendment right to be free from excessive force that may have occurred during the specific incident that took place on June 9, 2004.  Thus, the details of any possible prior, unrelated matters have no bearing on plaintiff's claim.

Normally, the Court would grant plaintiff's motion to compel defendants to answer Interrogatory #10, limited to plaintiff's request for information regarding incidents of conduct similar to that involved in the instant claim, and plaintiff's Request for Production #12, limited to police records of any similar conduct.

However, in this instance the Court need grant only plaintiff's Request for Production #13, since that requests the production of records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of conduct similar to the conduct complained of in this lawsuit, thus satisfying the Court's concern regarding relevance of the information requested. Granting #13 should resolve that concern and provide the relevant information.

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to compel [Doc. #16] Interrogatory #10 and Request for Production #12.  The Court GRANTS plaintiff's motion to compel Request for Production #13.

SO ORDERED this 5th day of June, 2006 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge